UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

TINA BARBOUR and
KIM MUNSON,

    Plaintiffs,

v.

SCOTTY RHODEN, individually, and in his
official capacity as Sheriff of Baker County, Florida.

    Defendant.

_____/

CASE NO.:
3:18-cv-246-J-25OJSJ

## <u>COMPLAINT</u>

COME NOW the above named Plaintiffs, by and through their undersigned counsel, and say:

### <u>PARTIES</u>

1. Plaintiff, TINA BARBOUR, is and was at all times material herein an adult resident of Baker County, Florida.

2. Plaintiff, KIM MUNSON, is and was at all times material herein an adult resident of Baker County, Florida.

3. Defendant, SCOTTY RHODEN, is an adult resident of Baker County, Florida and since January 2, 2017 has been the Sheriff of Baker County, Florida and an elected constitutional officer governed by the Florida Constitution, the general laws of Florida and Special Legislative Act 2006-318.

1

## JURISDICTION AND VENUE

4. This is an action brought forth under 42 U.S.C. §1983 and § 1988 in which Plaintiffs allege a violation of rights secured to them by the First and Fourteenth Amendments to the United States Constitution.

5. In accordance with 28 U.S.C. 1331 and 42 U.S.C. 1983 and 1988, this Court is granted original jurisdiction over actions brought alleging that one or more persons have had those rights secured to them by the United States Constitution violated under color of law.

6. All acts giving rise to this action occurred in Baker County, Florida, which is within the Jacksonville Division of the United States Court for the Middle District of Florida.

7. All statutory conditions precedent to the filing of this lawsuit have been satisfied by the Plaintiffs.

## BACKGROUND FACTS

8. Prior to January 19, 2017, Plaintiff TINA BARBOUR, hereinafter "Plaintiff BARBOUR", was employed for a total of fourteen years by the Baker County Sheriff's Office where her primary duties and responsibilities had most recently been as a Human Resource Specialist.

9. Prior to January 19, 2017, Plaintiff KIM MUNSON, hereinafter "Plaintiff MUNSON", was employed for seven years by the Baker County Sheriff's Office as a Records and Data Input Clerk.

10. During the early part of 2016, the long-serving incumbent Sheriff of Baker County, Joey Dobson, announced he would not seek re-election in the November 2016 election.

11. During the spring and early summer of 2016, several candidates from within as well as outside of the Baker County Sheriff's Office announced their candidacy to replace Dobson as Sheriff.

12. After the August, 2016 primary election was concluded, two of the three remaining candidates for the November general election were Gerald Gonzalez, the Chief Deputy, and Scotty Rhoden, a recently resigned deputy sheriff.

13. Throughout the election both of the Plaintiffs were very active and open in expressing their support for Gerald Gonzalez, who was on the ballot as a non-party affiliated candidate, albeit all such political activities were engaged in during non-working hours.

14. Defendant was well aware of many of the public political activities engaged in by the Plaintiffs on behalf of candidate Gonzalez.

15. On November 8, 2016, Defendant received the most votes in the three-way race for Sheriff of Baker County and was certified as the winning candidate.

16. On January 2, 2017, the Defendant was sworn in as the constitutional Sheriff of Baker County.

17. Even before being sworn as Sheriff, Defendant directed Plaintiffs to meet with him and asked each if she could remain "loyal" to his administration in light of their recent support for candidate Gonzalez; both Plaintiffs assured the Defendant they would do so.

18. At the time Defendant assumed office, the Baker County Sheriff's Office was subject to Special Legislative Act 2006-318, hereinafter "the Special Act", which specifically contained certain protections for non-probationary employees and appointees within the Baker County Sheriff's Office. A copy of the Special Act is attached hereto as "Appendix A" and incorporated herein as if restated verbatim.

19. At all times since 2006, Plaintiffs were non-probationary career service employees entitled to the protections of the Special Act and the First Amendment to the U.S. Constitution.

20. The Special Act specifically limit the authority of a newly appointed or elected sheriff by providing as follows:

    a.    Transition – When a newly elected or appointed sheriff assumes office, all career service status appointees and employees shall remain employees of the new administration unless cause for dismissal exists.

21. Section 2 of the Special Act provides for an internal appeals process only for those career service status employees who received a Notice of Suspension or Dismissal.

22. All acts of Defendant complained of herein, purportedly taken pursuant to his constitutional and statutory authority as the Sheriff of Baker County and as an individual acting under color of law, were in violation of the Plaintiffs' clearly established rights.

### COUNT I: UNLAWFUL TERMINATION OF PLAINTIFF BARBOUR BY DEFENDANT ACTING IN HIS OFFICAL CAPACITY

Each of the preceding paragraphs numbered 1-22 is re-adopted as if specifically restated herein:

23. On January 19, 2017, Plaintiff BARBOUR was called into a meeting with Defendant at which time she was given the "Memorandum" attached hereto and incorporated herein as "Appendix B" to this Complaint.

24. Immediately thereafter Plaintiff BARBOUR was escorted off the premises by a deputy sheriff in plain view of other employees at the Baker County Sheriff's Office.

25. Defendant's explanation for the supposed elimination of Plaintiff BARBOUR's position was a pretext to cover-up the real reason for Plaintiff BARBOUR's dismissal, which was her past political activities on behalf of candidate Gonzalez during the fall 2016 campaign.

26. Any "fiscal constraints" at the department were illusory and a sham manufactured by Defendant to both circumvent the specific protections contained in the Special Act and to justify his retaliation against Plaintiff BARBOUR for having supported an unsuccessful candidate in violation of rights secured to her in the First Amendment to the United States Constitution.

27. At all times material, Plaintiff BARBOUR had a justified expectation of continued employment at the Baker County Sheriff's Office.

28. All of the duties and responsibilities of Plaintiff's position were assigned to and assumed by other employees or new hires, while her salary was, in part, used to fund other positions or new hires within the Baker County Sheriff's Office.

29. As a result of her being unlawfully terminated, Plaintiff BARBOUR suffered economic damages financial losses including, but not limited to lost wages, benefits, retirement, family group insurance coverage, and consequent medical bills, Plaintiff BARBOUR has additionally suffered non-economic

damages including, but not limited to public humiliation, embarrassment, loss of reputation and mental anguish.

30. As a result of the foregoing acts of Defendant, Plaintiff BARBOUR has been required to retained the services of the undersigned law firm to which she is obligated to pay a reasonable fee.

NOW WHEREFORE, Plaintiff BARBOUR prays this Court orders Defendant to:

1) Reinstate Plaintiff BARBOUR to her former or equivalent position with all wage increases, benefits, bonuses and emoluments to which she would have been entitled had she not been unlawfully discharged.

2) Award Plaintiff BARBOUR back pay for the time period from January 19, 2017 to the date of this Court's final order.

3) Award prejudgment interest on all back pay and damages.

4) Award Plaintiff BARBOUR all statutory costs and fees, including a reasonable attorney's fee.

5) Order such additional equitable remedies this court deems necessary, including but not limited to loss of front pay if it is determined that reinstatement cannot be effectuated.

## COUNT II: UNLAWFUL RETALIATION AGAINST PLAINTIFF BARBOUR BY DEFENDANT IN INDIVIDUAL CAPACITY

Each of the preceding paragraphs numbered 1-30 is re-adopted as if specifically restated herein:

31. At all times material, the acts of Defendant in retaliating against Plaintiff BARBOUR by terminating her employment for her constitutionally protected activities and demanding her loyalty even before he assumed office were in violation of clearly established law.

NOW WHEREFORE Plaintiff prays this Court orders Defendant to:

1) Reinstate Plaintiff BARBOUR to her former or equivalent position with all wage increases, benefits, bonuses and emoluments to which she would have been entitled had she not been unlawfully discharged.

2) Award to Plaintiff BARBOUR back pay for the time period from January 19, 2017 to the date of this Court's final order.

3) Award Plaintiff BARBOUR punitive damages.

4) Award prejudgment interest on all back pay and damages.

5) Award Plaintiff BARBOUR all statutory costs and fees, including a reasonable attorney's fee.

6) Order such additional equitable remedies this court deems necessary, including but not limited to loss of front pay if it is determined that reinstatement cannot be effectuated.

## COUNT III: UNLAWFUL TERMINATION OF PLAINTIFF MUNSON BY DEFENDANT ACTING IN HIS OFFICIAL CAPACITY

Each of the preceding paragraphs numbered 1-22 is re-adopted as if specifically restated herein:

32. On January 19, 2017, Plaintiff MUNSON was called into a meeting with Defendant at which time she was given the "Memorandum" attached hereto and incorporated herein as "Appendix C" to this Complaint.

33. Immediately thereafter Plaintiff MUNSON was escorted off the premises by a deputy sheriff in plain view of other employees at the Baker County Sheriff's Office.

34. Defendant's explanation for the supposed elimination of Plaintiff MUNSON's position was a pretext to cover-up the real reason for Plaintiff MUNSON's dismissal, which was her past political activities on behalf of candidate Gonzalez during the fall 2016 campaign.

35. Any "fiscal constraints" at the department were illusory and a sham manufactured by Defendant to both circumvent the specific restraints contained in the Special Act and to justify his retaliation against Plaintiff MUNSON for having exercised rights secured to her by the First Amendment to the United States Constitution.

36. At all times material, Plaintiff MUNSON had a justified expectation of continued employment at the Baker County Sheriff's Office.

9

37. All of the duties and responsibilities of Plaintiff's position were assigned to and assumed by other employees or new hires, while her salary was, in part, used to fund other positions or new hires within the Baker County Sheriff's Office.

38. As a result of her being unlawfully terminated, Plaintiff MUNSON suffered economic damages including, but not limited to lost wages, benefits, retirement, family group insurance coverage, and consequent medical bills Plaintiff MUNSON has additionally suffered non-economic damages including, but not limited to public humiliation, embarrassment, loss of reputation and mental anguish.

39. As a result of the foregoing acts of Defendant, Plaintiff MUNSON has retained the services of the undersigned law firm to which she is obligated to pay a reasonable fee.

NOW WHEREFORE Plaintiff MUNSON prays this Court orders Defendant to:

1) Reinstate Plaintiff MUNSON to her former or equivalent position with all wage increases, benefits, bonuses and emoluments to which she would have been entitled had she not been unlawfully discharged.

2) Award Plaintiff MUNSON back pay for the time period from January 19, 2017 to the date of the Court's order.

3) Award prejudgment interest on all back pay and damages.

4) Award Plaintiff MUNSON all statutory costs and fees, including a reasonable attorney's fee.

5) Order such additional equitable remedies this court deems necessary, including but not limited to loss of front pay if it is determined that reinstatement cannot be effectuated.

## COUNT IV: UNLAWFUL RETALIATION OF PLAINTIFF MUNSON BY DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

Each of the preceding paragraphs numbered 1-22 and 32-39 are readopted as if specifically restated herein:

40. At all times material, the acts of Defendant in retaliating against Plaintiff MUNSON by terminating her employment for her constitutionally protected activities and demanding her loyalty even before he assumed office were in violation of clearly established law.

NOW WHEREFORE, Plaintiff prays this Court orders Defendant to:

1) Reinstate Plaintiff MUNSON to her former or equivalent position with all wage increases, benefits, bonuses and emoluments to which she would have been entitled had she not been unlawfully discharged.

2) Award Plaintiff MUNSON back pay for the time period from January 19, 2017 to the date of the Court's order.

3) Award Plaintiff MUNSON punitive damages.

4)     Award prejudgment interest on all back pay and damages.

5)     Award Plaintiff MUNSON all statutory costs and fees, including a reasonable attorney's fee.

6)     Order such additional equitable remedies this court deems necessary, including but not limited to loss of front pay if it is determined that reinstatement cannot be effectuated.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues or counts so triable.

Respectfully submitted this 13th day of February, 2018.

AVERA & SMITH, LLP

/s/ Rod Smith
Rod Smith, Esq.
Florida Bar No.: 0202551
2814 SW 13th Street
Gainesville, FL 32608
(352)372-9999/FAX(352)375-2526
Attorney for Plaintiff
Primary: rodsmith@avera.com
rsservice@avera.com